THIRD DISTRICT—MARCH, 1912.          137

Baldwin v. Toledo, St. Louis & Western R. Co., 171 Ill. App. 137.

## George Baldwin, Appellee, v. Toledo, St. Louis & Western Railroad Company, Appellant.

1. INSTRUCTIONS—*defendant's right to have instructions on preponderance of evidence.* A defendant in a personal injury case requesting two instructions on the proposition that unless the jury believe the plaintiff has proved by a preponderance of evidence that at and just before the time of the accident he was in the exercise of due care, or if the evidence therein preponderated in favor of the defendant, or was evenly balanced, the verdict must be for the defendant, is entitled to have one of them given.

2. INSTRUCTIONS—*when jury cannot determine what is proper evidence.* An instruction as to the credibility of employes to the effect that the jury should consider their evidence with the proper evidence in the case is improper in leaving it to the jury to decide what is proper evidence.

3. WITNESSES—*when instruction on credibility is properly modified.* That the jury may consider testimony of employes "from the way the witnesses have testified and borne themselves upon the witness stand" is properly erased from an instruction on the credibility of employes, and it is proper to insert the words "from all the evidence, facts and circumstances shown in the evidence in the case."

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 15, 1912.

H. M. STEELY and C. E. POPE, for appellant; CHARLES A. SCHMETTAU, of counsel.

C. W. FLEMING, for appellee; THOMAS A. GRAHAM, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action by plaintiff against defendant to recover damages for a personal injury received at a street crossing while attempting to cross defendant's railway in the village of Ridgefarm, in Vermilion county. There was a verdict and judgment in favor of plaintiff for $1,800, and the defendant appeals.

The declaration contains three counts and avers due care on the part of the plaintiff and negligence on the part of defendant; (1) that it carelessly and improperly drove and managed its train; (2) a violation of the statutory requirement of ringing a bell or sounding a whistle and (3) a violation of an ordinance of the village of Ridgefarm limiting the speed of passenger trains to ten miles an hour.

It is conceded that the train was running in violation of the requirements of the ordinance of the village of Ridgefarm. The evidence is conflicting concerning the violation of the statute. It is insisted on the part of the appellant that the proof does not show that the plaintiff was in the exercise of due care at the time of the accident, but in the view we take of this case, that there was error in refusing instructions asked by the defendant, we do not think it necessary to review the evidence or to express any opinion concerning the facts.

The appellant requested two instructions on the proposition, that unless the jury believe the plaintiff has proved by a preponderance of the evidence that the plaintiff at and just before the time of the accident was in the exercise of due care, or if the evidence preponderated in favor of the defendant or was evenly balanced on that question, then the verdict must be in favor of the defendant. No instruction of that character was given. The defendant was entitled to have one of these instructions given. Complaint is made concerning the refusal of other instructions, but the substance thereof appears to have been given in other instructions.

Appellant also insists that its eleventh instruction was improperly modified by the court. The instruction is concerning the credibility of witnesses who were in the employment of the appellant. As asked it told the jury that they should "take their evidence into consideration, and with proper evidence in the

case give it such weight and credibility as you may consider it entitled to from the way the witnesses giving testimony have testified and borne themselves on the witness stand." The court modified it by erasing the words "from the way the witnesses have testified and borne themselves on the witness stand" and inserted the words "from all the evidence, facts and circumstances shown in the evidence in the case." The instruction as asked should have been refused as the test in the instruction as asked was not the only matter to test it by; the addition of the court was proper. The instruction as asked however should have been refused for the reason it left to the jury to decide what was proper evidence in the case; they are required to consider all the evidence in the case. Because of the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*